LALASIS TRADING PTE, LTD., Appellant, v JANATA BANK, Respondent. [860 NYS2d 109]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered October 22, 2007, which denied plaintiff's mo-

tion for summary judgment in lieu of complaint and, upon a search of the record, granted summary judgment to defendant dismissing the complaint for lack of subject matter jurisdiction, unanimously affirmed, with costs.

Plaintiff, a Singapore corporation in the textile business, seeks recognition and enforcement of a foreign judgment against defendant, a bank incorporated in Bangladesh and owned by its government. The judgment was issued in Singapore in connection with defendant's failure to honor an irrevocable letter of credit issued by it.

Defendant is a foreign state under the Foreign Sovereign Immunities Act (*see* 28 USC § 1602 *et seq.*), and is entitled to presumptive sovereign immunity from suit in the United States, unless a specified exception to such immunity applies (*see City of New York v Permanent Mission of India to the United Nations*, 446 F3d 365, 369 [2006], *affd* 551 US —, 127 S Ct 2352 [2007]). Although the act of issuing a letter of credit falls within the scope of "commercial activity" as defined by 28 USC § 1603 (d) (*see Texas Trading & Mill. Corp. v Federal Republic of Nigeria*, 647 F2d 300, 310 [1981], *cert denied* 454 US 1148 [1982]), the subject activity lacks the requisite nexus to the United States to fall within the "commercial activity" exception to sovereign immunity (*see* 28 USC § 1605 [a] [2]).

The dishonored letter of credit involved foreign entities, with a Singapore branch of an international bank acting as the advising bank, and did not have a "direct effect" in the United States. (*Id.*) The United States was not identified as the place of performance of any obligation under the letter of credit, and the fact that a New York branch of the advising bank may have been used for some tangential purpose does not create the necessary "direct effect" in the United States (*see Goodman Holdings v Rafidain Bank*, 26 F3d 1143, 1146-1147 [1994], *cert denied* 513 US 1079 [1995]; *International Hous. Ltd. v Rafidain Bank Iraq*, 893 F2d 8, 11-12 [1989]). Accordingly, in the absence of an exception to sovereign immunity, the court was without subject matter jurisdiction to hear the matter, and, upon searching the record, properly dismissed the complaint (*see* CPLR 3212 [b]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Saxe, J.P., Nardelli, Moskowitz and Acosta, DeGrasse JJ.